CIRCUIT COURT FOR CARROLL COUNTY
Larry W. Shipley
Clerk of the Circuit Court
Court House Annex
55 North Court Street
Westminster, MD 21157-5155
(888)-786-0039, TTY for Deaf: (410)-848-4063


W R I T   O F   S U M M O N S

Case Number: 06-C-03-039859


C I V I L

Donald E Miller, et al vs Charles Miller Jr, et al

STATE OF MARYLAND, CARROLL COUNTY, TO WIT:

To: Anthony V Diferdinando II

2641 Stockton Road
Phoenix, MD 21131


You are hereby summoned to file a written response by pleading or
motion, within __30__ days after service of this summons upon you,
in this Court, to the attached Complaint filed by:

Donald E Miller


WITNESS the Honorable Chief Judge of the Fifth Judicial Circuit of
Maryland.


Date Issued: 12/01/03

Larry W. Shipley
Clerk of the Circuit Court per __cam__


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOWED MAY RESULT IN A
JUDGMENT BY DEFAULT TO THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

* * * * S H E R I F F' S   R E T U R N * * * *

CIRCUIT COURT FOR CARROLL COUNTY, MARYLAND

Case Number: 06-C-03-039859

Donald E Miller, et al vs Charles Miller Jr, et al

To: **Anthony V Diferdinando II**

Date/Time:

Sheriff fee:_____By:_____

Served:_____

Time:_____Date:_____

Unserved (Reason):_____

Instructions to Private Process:

1. This summons is effective for service only if served 60 days after
   the date issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly and in
   accordance with Rule 2-126.
4. If this summons is served by private process, Process server shall file
   a separate affidavit as required by Rule 2-126(a).

**Circuit Court for** Carroll County, Maryland
_____
City or County

## CIVIL–NON-DOMESTIC CASE INFORMATION REPORT

**Directions:**

    _Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served._

    _Defendant: You must file an Information Report as required by Rule 2-323(h)._

    _**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**_

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER: 06-C-03-039859
                                                            (Clerk to insert)

CASE NAME: Donald Miller, et al.    v    Charles Miller, Jr., et al.
                   Plaintiff                                                    Defendant

JURY DEMAND: ☒ Yes ☐ No    Anticipated length of trial: _____ hours or _3_ days

RELATED CASE PENDING? ☒ Yes ☐ No    If yes, Case #(s), if known: C-0237742

Special Requirements? ☐    Interpreter/communication impairment    Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)        Which dialect _____
                     ☐    ADA accommodation: _____

### NATURE OF ACTION
(CHECK ONE BOX)

### DAMAGES/RELIEF

**TORTS**
- ☐ Motor Tort
- ☐ Premises Liability
- ☐ Assault & Battery
- ☐ Product Liability
- ☐ Professional Malpractice
- ☐ Wrongful Death
- ☒ Business & Commercial
- ☐ Libel & Slander
- ☐ False Arrest/Imprisonment
- ☐ Nuisance
- ☐ Toxic Torts
- ☐ Fraud
- ☐ Malicious Prosecution
- ☐ Lead Paint
- ☐ Asbestos
- ☐ Other
- _____

**LABOR**
- ☐ Workers' Comp.
- ☐ Wrongful Discharge
- ☐ EEO
- ☐ Other

**CONTRACTS**
- ☐ Insurance
- ☐ Confessed Judgment
- ☐ Other

**REAL PROPERTY**
- ☐ Judicial Sale
- ☐ Condemnation
- ☐ Landlord Tenant
- ☐ Other

**OTHER**
- ☐ Civil Rights
- ☐ Environmental
- ☐ ADA
- ☐ Other

**A. TORTS**

**Actual Damages**
- ☐ Under $7,500
- ☐ $7,500 - $50,000
- ☐ $50,000 - $100,000
- ☒ Over $100,000

- ☐ Medical Bills  $_____
- ☐ Property Damages  $_____
- ☐ Wage Loss  $_____

**B. CONTRACTS**
- ☐ Under $10,000
- ☐ $10,000 - $20,000
- ☐ Over $20,000

**C. NONMONETARY**
- ☐ Declaratory Judgment
- ☒ Injunction
- ☐ Other _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation    ☐ Yes ☒ No    C. Settlement Conference    ☐ Yes ☒ No

B. Arbitration    ☐ Yes ☒ No    D. Neutral Evaluation    ☐ Yes ☒ No

### TRACK REQUEST

_With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY._

    ☐ ½ day of trial or less    ☒ 3 days of trial time
    ☐ 1 day of trial time    ☐ More than 3 days of trial time
    ☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.**

Date _November 28, 2003_    Signature _Donna St. Mage_

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months of
Defendant's response

☐
**Standard**
Trial - 18 months of
Defendant's response

☐ EMERGENCY RELIEF REQUESTED _____   _____

| | Signature | Date |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (check only one)

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short — Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.

☐ Standard-Medium — Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.

☐ Standard-Complex — Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.

☐ Lead Paint — Fill in: Birthdate of youngest plaintiff _____.

☐ Asbestos — Events and deadlines set by individual judge.

☐ Protracted Cases — Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals,
(Trial Date-90 days) District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud
(Trial Date-240 days) and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury
(Trial Date-345 days) Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product
(Trial Date-450 days) Liabilities, Other Complex Cases.

IN THE CIRCUIT COURT OF MARYLAND
FOR CARROLL COUNTY

DONALD E. MILLER                     :
3266 Charmil Drive                   :
Manchester, MD 21102                 :
                                     :
TRIPLE M., LLC                       :
3514 Basler Road                     :
Hampstead, MD 21074                  :
                                     :
CHARLES J. MILLER REALTY, INC.       :
3514 Basler Road                     :
Hampstead, MD 21074                  :
                                     :
and                                  :
                                     :
MILLER BROS. LEASING, LLP            :
3514 Basler Road                     :
Hampstead, MD 21074                  :
                                     :
                                     :
        Plaintiffs,                  :        Case No. _06-C-03-039859_
                                     :
                                     :
v.                                   :
                                     :
CHARLES MILLER, JR.                  :
530 Vision Way Drive                 :
Westminster, MD 21158                :
                                     :
VENABLE, LLP, f/k/a                  :
VENABLE, BAETJER & HOWARD, LLP       :
2 Hopkins Plaza, Suite 1800          :
Baltimore, MD 21201-2978             :
                                     :
*Please serve:*                      :
   James L. Shea, Managing Partner   :
   2 Hopkins Plaza, Suite 1800       :
   Baltimore, MD 21201-2978          :
                                     :

ANTHONY V. DIFERDINANDO, II           :
2641 Stockton Road                    :
Phoenix, MD 21131                     :
                                      :
        and                           :
                                      :
JACOBS RIDGE LLC                      :
530 Vision Way Drive                  :
Westminster, MD 21158                 :
                                      :
        Defendants                    :


### COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES

Plaintiffs, DONALD E. MILLER, Triple M., LLC, CHARLES J. MILLER REALTY, INC., AND MILLER BROS. LEASING, LLP by and through their undersigned counsel, hereby file this Complaint for Injunctive Relief and Monetary Damages and states as follows:

### PARTIES

1.  Plaintiff Donald E. Miller is an adult citizen of the State of Maryland and resides in Carroll County.  Donald Miller is a 50% owner of Plaintiffs Triple M., LLC, Charles J. Miller Realty, Inc., and Miller Bros. Leasing, LLP.

2.  Plaintiff Triple M., LLC ("Triple M.") is a Maryland Limited Liability Company with its principal place of business at 3514 Basler Road, Hampstead, MD 21074, in Carroll County.

3.  Plaintiff Charles J. Miller Realty, Inc. ("CJM Realty") is a Maryland corporation with its principal place of business at 3514 Basler Road, Hampstead, MD 21074, in Carroll County.

2

4.   Plaintiff Miller Bros. Leasing, LLP ("Leasing") is a Maryland Limited Liability Partnership with its principal place of business at 3514 Basler Road, Hampstead, MD 21074, in Carroll County.

5.   Defendant Charles J. Miller, Jr. ("Buck Miller") is an adult citizen of the State of Maryland and resides in Carroll County.  Buck Miller is a 50% owner of Plaintiffs Triple M., CJM Realty and Leasing.

6.   Defendant VENABLE, LLP, formerly known as VENABLE, BAETJER & HOWARD, LLP ("Venable") is a Maryland Limited Liability Partnership with its principal place of business at 2 Hopkins Plaza, Suite 1800, Baltimore, MD 21201-2978.

7.   Defendant Anthony V. DiFerdinando, II ("DiFerdinando") is an adult citizen of the State of Maryland, and resides in Phoenix, MD.

8.   Defendant Jacobs Ridge, LLC is a Maryland Limited Liability Partnership, which is owned by Defendant Buck Miller.

### JURISDICTION AND VENUE

9.   This Court has personal jurisdiction over the Defendants pursuant to Sections 6-102 and 6-103 of the Maryland Courts and Judicial Proceedings Article.  Defendant Buck Miller is a resident of Carroll County, Maryland.  Defendant Venable has its principal place of business in Baltimore, Maryland, and regularly transacts business in Carroll County.  The

3

tortious injury alleged in this action occurred in Carroll
County.

10. Venue properly lies in this Court pursuant to Section 6-201
of the Maryland Courts and Judicial Proceedings Article.

11. This action is brought by the Plaintiff Donald Miller
individually and as a derivative action on behalf of Triple
M., CJM Realty, and Leasing.  Plaintiff Donald Miller will
fairly and adequately represent the interests of Triple M.,
CJM Realty, and Leasing.

12. This is not a collusive action to confer on this Court
jurisdiction that it would not otherwise have.

13. Donald Miller is currently (and has been at the time of all
transactions complained of herein) a 50% owner of Triple M.,
a 50% shareholder in CJM Realty, and a 50% partner in
Leasing.

### FACTS COMMON TO ALL COUNTS

14. Non-party Charles J. Miller, Inc. ("CJMI") is a Maryland
statutory closed corporation owned by the families of
Plaintiff Donald Miller and Defendant Buck Miller.  CJMI is
engaged in the business of real estate site development and
heavy construction, including the installation of utilities,
sanitary and storm sewer systems, paving, excavating, and
road construction.

4

15.  Non-party Miller Asphalt Products, Inc. ("MAP") is a
     Maryland statutory closed corporation owned by the families
     of Plaintiff Donald Miller and Defendant Buck Miller.  MAP
     is engaged in the business of the production and sale of
     asphalt and asphalt products.  Plaintiff Donald Miller,
     Defendant Buck Miller, and non-party Kenneth Kiler are the
     shareholders of MAP.

16.  Plaintiff Triple M. was formed on December 8, 1997.
     Plaintiff CJM Realty was formed on May 16, 1975.  Their
     principal holdings are the parcels of real property upon
     which MAP's plants are located.

17.  Plaintiff Leasing was formed in 1998 to own heavy equipment
     leased to CJMI.

18.  In late 2002, Defendant Buck Miller hired Defendant Venable
     to assist him in developing a strategy to squeeze out Donald
     Miller and his family from their ownership positions in CJMI
     and MAP, as well as in Plaintiffs Triple M., CJM Realty and
     Leasing (hereinafter collectively referred to as "the Miller
     Family Businesses").  This strategy included planning for
     litigation with Plaintiff Donald Miller and his family.

19.  As a response to actions taken in furtherance of the squeeze
     out strategy, on or about December 20, 2002, Plaintiff
     Donald Miller, and his sons Daryl Miller and Dayton Miller,
     and daughter Danielle Miller, filed a lawsuit in this county

5

seeking, *inter alia,* dissolution of the Miller Family
Businesses, and damages against the individual Defendants.

20. In this litigation, Venable entered its appearance on behalf
of the Miller Family Businesses, and Defendant DiFerdinando,
an employee of CJMI. The law firm of Thomas & Lebowitz,
P.A. entered its appearance on behalf of Buck Miller and his
family. Upon information and belief, the firm of Thomas &
Lebowitz was selected by Defendant Venable. During the
course of this litigation, it became clear that Venable was
representing not only the Miller Family Businesses (for
which they had entered their appearance in the litigation),
but Defendant Buck Miller and his family as well. Thomas &
Libowitz consistently adopted by reference all motions,
memoranda and the like filed by Venable. Indeed, during the
bond hearing held on May 14, 15 and 16, 2003, attorneys from
Venable were playing an active role assisting Thomas &
Lebowitz, albeit from the back of the courtroom.

21. By Order dated March 16, 2003, the Circuit Court of Carroll
County, the Honorable Raymond Beck, entered a Temporary
Restraining Order, preventing CJMI and Buck Miller from
taking any action to change the status quo by holding a
meeting of shareholders or otherwise acting to impair the
Donald Miller Family rights as shareholders in CJMI.

6

22. By Order dated April 16, 2003, Judge Beck entered a
Preliminary Injunction, enjoining CJMI and MAP from taking
any action (by board meeting, shareholders meeting or
otherwise) to change the status quo; and finding that Donald
Miller's rights as a shareholder were preserved until such
time that Buck Miller posted a bond or paid for the stock.
During the preliminary injunction proceedings, Venable had
taken the position that Buck Miller's election to purchase
Donald Miller's interest at fair value (even though he had
not yet posted the statutorily required bond or paid for the
stock) divested Donald Miller of all rights as a
shareholder.  Judge Beck, in entering the preliminary
injunction, expressly stated that Donald Miller's rights
were not impacted by the election unless and until the bond
was posted.  Not content with a preservation of the *status
quo*, Venable filed an appeal to the Court of Special Appeals
to overturn the preliminary injunction.

23. On April 16, 2003, Judge Beck entered an additional Order,
which provided that all of the corporate entities were
dropped as parties in the Carroll County litigation.

24. Because of Venable's conflict of interest, the Donald Miller
Family filed motions in the Carroll County Litigation to
require Venable to disgorge the fees CJMI and/or MAP had
paid to it to represent Buck Miller in a dispute with co-

7

owner, Donald Miller, and to disqualify Venable from further
representation in the case. In pursuit of these motions, the
Donald Miller Family served discovery upon Venable,
including a document request and notices of deposition.
Venable refused to comply with the discovery on the basis of
an attorney-client privilege of the five companies.

25.   On July 1, 2003, Judge Beck entered an Order prohibiting
Venable from invoking the attorney-client privilege against
the Donald Miller Family.  The Court found evidence of
"possible wrongdoing by counsel," including testimony from
DiFerdinando that Venable had been retained to devise a
litigation strategy against the Donald Miller Family.  The
July 1, 2003 Order provided that the parties had fifteen
days to comply with the Order.

26.   Rather than comply with the Order, on July 14, 2003, CJMI
and MAP filed Petitions for Relief under Chapter 11 of the
United States Bankruptcy Code, and Venable filed a Notice of
Appeal to the Maryland Court of Appeals of the discovery
order.

27.   On October 14, 2003, Venable, acting on behalf of Triple M.,
CJM Realty, and Leasing, filed a Notice of Removal of the
above-referenced Carroll County litigation to the Bankruptcy
Court.

8

28. Thus, the Carroll County litigation is now essentially
pending in the Bankruptcy Court as an Adversary proceeding.
Defendant Venable represents Plaintiffs Triple M., CJM
Realty and Leasing, as well as DiFerdinando in that
Adversary proceeding.  Plaintiff Donald Miller (joined by
Daryl Miller, Danielle Miller and Dayton Miller), has filed
a Motion to Remand the removed claims back to the Circuit
Court for Carroll County.  By Order dated October 30, 2003,
the Bankruptcy Court, the Honorable E. Stephen Derby
presiding, stayed further proceedings in the Adversary
Proceeding, including the remand motion; a stay was also
entered in the main bankruptcy case.  The purpose of the
stay was to allow Plaintiff Donald Miller and Defendant Buck
Miller to attempt mediation within the framework of the
bankruptcy proceeding.

### THE UNAUTHORIZED RETENTION OF VENABLE

29. Prior to the inception of the intra-family dispute which led
to the filing of the Carroll County litigation by the Donald
Miller Family, Venable had never represented or performed
legal work for any of the Miller Family Businesses.  In
October/November 2002, Defendants Buck Miller and
DiFerdinando consulted with attorneys from Venable about
removing Donald Miller and his family members from the
various Miller Family Businesses.

9

30. Venable purports to represent Plaintiffs Triple M., CJM
    Realty, and Leasing in the bankruptcy proceeding, as well as
    DiFerdinando. Neither the members of Triple M. LLC, the
    Directors of CJM Realty, nor the partners of Leasing LLP
    have authorized the retention of Venable.

31. Pursuant to the Operating Agreement of Triple M., the
    company is to be managed by its members. Although either of
    the members (Plaintiff Donald Miller or Defendant Buck
    Miller) can bind the company "in the normal course of
    business," a 51% vote is required for all management
    decisions, and extraordinary events require a 75% vote. The
    retention of Venable, under the circumstances of this family
    business dispute, it not an event in the "normal course of
    business." Thus, Donald Miller's approval would have been
    necessary to retain Venable to represent Triple M. Because
    such consent was not obtained, the retention of Venable was
    not authorized.

32. The By-laws of CJM Realty provide that it is to be managed
    by the Board of Directors. Donald Miller and Buck Miller
    are the sole directors of the corporation; they are also
    each 50% owners of its stock. Donald Miller did not approve
    the retention of Venable to represent CJM Realty. Thus, the
    retention of Venable was not authorized.

10

33. Upon information and belief, Leasing has no written
    Partnership Agreement.  Because Donald Miller and Buck
    Miller are each 50% partners, Venable could not be retained
    absent Donald Miller's approval.  Venable's retention was
    not authorized, because Donald Miller did not approve it.

34. Plaintiff Donald Miller objects to the retention of Venable
    on behalf of the Derivative Plaintiffs.

35. Venable's retention on behalf of Plaintiffs Triple M., CJM
    Realty and Leasing is apparently pursuant to a retainer
    letter sent to CJMI by Venable on November 8, 2002, and
    directed to DiFerdinando, who is not an employee of any of
    those entities.  Pursuant to the fee arrangement approved by
    Defendants Buck Miller and DiFerdinando, the hourly rates
    for the attorneys responsible for the engagement run as high
    as $600 per hour.  Venable was retained by the Miller Family
    Businesses so that the businesses – and not the Buck Miller
    Family – would pay Venable's fees to accomplish the squeeze
    out of the Donald Miller Family.

### DEMAND FUTILITY

36. Defendant Buck Miller is the *de facto* controlling
    member/shareholder/partner of Plaintiffs Triple M., CJM
    Realty and Leasing.  Because of the mechanisms for
    management of each of those entities described above, Buck
    Miller would have to vote to sue himself and Venable, the

law firm he has retained to protect his interests, and those
of his family members.

37.  Demand on Defendant Buck Miller to sue himself, DiFerdinando
     and Venable is a futile exercise, because Defendant Buck
     Miller, assisted and guided by Venable and DiFerdinando, has
     participated in (or intends to benefit from) the wrongs
     alleged herein, and cannot be expected to bring suit against
     himself, his retained attorney, and the employee who is
     acting at his instruction.  Demand is further excused on the
     grounds that the wrongdoing alleged herein (ultra vires
     activity and waste of assets) are not the product of the
     valid exercise of business judgment.

                **THE PURCHASE OF THE EMMERT PROPERTY**

38.  On or about July 18, 2003, Defendant Jacobs Ridge LLC
     ("Jacobs Ridge"), an entity owned entirely by Buck Miller
     purchased 17.92 acres of property known as the "Emmert
     Property."  The Emmert Property is adjacent to a piece of
     property known as "the Fritz Property" which is owned by
     Triple M.

39.  Upon information and belief, Triple M. and Jacobs Ridge are
     planning to sell, or have sold, approximately 36 acres in
     three different land sales, at prices between $72,500 and
     $80,000 per acre.  Two of the potential sales involve
     parcels combined from Fritz and Emmert properties; one sale

                              12

involves a Fritz-only parcel.  For some unknown reason, the
Fritz-only parcel is at a lower per acre price.  If
contracts of sale with third parties have been entered into,
they have been entered into without the approval of Donald
Miller, the other 50% owner of Triple M.

## COUNT I

### (AGAINST DEFENDANT BUCK MILLER FOR ULTRA VIRES CONDUCT AND WASTE OF CORPORATE ASSETS - FOR DAMAGES AND INJUNCTIVE RELIEF)

40. Plaintiffs incorporate herein the allegations of Paragraphs
    1 through 39 hereinabove, as if fully set forth herein.

41. This Count is brought derivatively on behalf of Plaintiffs
    Triple M., CJM Realty and Leasing (hereinafter collectively
    referred to as "the Derivative Plaintiffs") and individually
    on behalf of Donald Miller.

42. Making demand on Buck Miller to institute proceedings
    against for the acts complained of herein is futile, as
    described above, and therefore excused.

43. As alleged above, Buck Miller has purported to retain
    Venable to act as counsel for the Derivative Plaintiffs.
    His conduct in doing so was not properly approved by the
    Derivative Plaintiffs, because he did not have the consent
    of Donald Miller to do so.  Thus, his conduct was ultra
    vires.

44. In addition, Venable has entered its appearance in the
    Carroll County litigation and the Bankruptcy on behalf of

13

DiFerdinando, who is not an employee of any of the Derivative Plaintiffs. Upon information and belief, after the filing of the Bankruptcy Petitions in July 2003, the Derivative Plaintiffs are now paying, or are obligated to pay, all fees for the representation of DiFerdinando.

45. In fact, Buck Miller retained Venable to act as counsel for him and his family to effect a corporate squeeze out of Donald Miller and his family. DiFerdinando has been actively involved with Venable in developing the litigation strategy against, and squeeze out of, the Donald Miller Family.

46. The Derivative Plaintiffs are not "operating companies." Triple M. and CJM Realty own various parcels of real estate, including the land upon which the MAP Finksburg, Maryland and Westminster, Maryland asphalt plants are located; Leasing owns two large off road dump trucks, which are leased to CJMI. There is no legitimate reason why the Derivative Plaintiffs need to play an active role (which requires the active involvement of counsel) in the dispute between Buck Miller and Donald Miller: the retention of Venable by these Derivative Plaintiffs is merely a subterfuge for Venable's representation of the Buck Miller Family.

14

47. By retaining Venable to represent the Derivative Plaintiffs
    and DiFerdinando (an employee of CJMI), and by having its
    fees paid by the Derivative Plaintiffs, Buck Miller is
    wasting the assets of the Derivative Plaintiffs.

48. Permitting Defendant Venable's fees to be paid by the
    Derivative Plaintiffs, solely because Defendant Buck Miller
    is in de facto control of those entities, is to make
    Plaintiff Donald Miller pay for and support fifty percent of
    the cost of the opposing side's litigation effort directed
    against him and his family.  Prior to the Bankruptcy
    Proceeding, Venable's fees were paid by CJMI and/or MAP;
    now, the Derivative Plaintiffs are paying those fees (or are
    obligated for them), and those fees are wrongfully being
    incurred for the benefit of the Buck Miller Family, and not
    for the benefit of the Derivative Plaintiffs.

49. Upon information and belief, the fees being charged by
    Venable are substantial in amount.  Despite Judge Beck's
    April 16, 2003 Order dropping the corporate entities
    (Venable's asserted *only* clients other than DiFerdinando),
    at the time the Bankruptcy petitions were filed, CJMI and
    MAP identified Venable as one of their twenty largest
    creditors -- in an amount of $194,628.76.

50. In its recently filed Proof of Claim in the Bankruptcy
    Proceeding (November 14, 2003), Venable claims $522,563.02

15

in fees for representing the Debtors from May 8, 2003
through August 27, 2003 (petition date July 14, 2003);
$347,811 of that amount is unpaid (out of $370,904 billed)
for "Litigation Strategy." As of April 16, 2003, however,
Judge Beck dropped the corporate parties from the Carroll
County litigation. According to the Proof of Claim,
Approximately $118,500 was billed on May 16, 2003, and
approximately $105,000 was billed on June 18, 2003. There
cannot be much dispute that this nearly $225,000 was charged
by Venable in connection with the Carroll County bond
hearing (to set Buck Miller's bond to purchase the stock),
when Venable was expressly not allowed to participate in the
hearing, and the corporate parties had been dropped from the
action. Another $66,000 was billed twelve days later, and
$81,000 was billed at the end of August. All of these
billings are for "litigation strategy." The remaining
billings on the Proof of Claim relate to "corporate advice."

51. Thus, either 1) Venable worked without full payment by the
Miller Family Businesses prior to the time they were dropped
from the Carroll County litigation; or 2) Venable continued
to work on behalf of the Buck Miller Family after Judge
Beck's April Order dropping the corporate entities from the
case, and continued to bill CJMI, MAP, and potentially the
Derivative Plaintiffs.

16

52. The Derivative Plaintiffs have been damaged by the aforementioned conduct by way of the payment or obligation to pay the legal fees of Venable, in an amount in excess of One Hundred Thousand Dollars ($100,000). Plaintiff Donald Miller has suffered his own individual injury in that any funds paid to Venable from the Derivative Plaintiffs causes singular injury to Donald Miller's 50% interest in the Derivative Plaintiffs and causes no harm to Buck Miller's 50% interest, because Buck Miller himself and his family members are reaping the benefits of such payments.

53. There is substantial likelihood that Plaintiffs will succeed on the merits of this action.

54. Denial of injunctive relief will cause greater injury to Plaintiffs than granting injunctive relief will cause to Defendant Buck Miller.

55. The grant of injunctive relief will serve the public interest in having legal fees paid by the person who benefits from the services.

WHEREFORE, Plaintiffs pray for judgment against Defendant Charles J. Miller, Jr. in such amounts as any of the Derivative Plaintiffs have paid to Venable, and for a Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief, enjoining Charles J. Miller, Jr. or anyone acting in concert with him from causing the Derivative Plaintiffs to retain, obligate themselves

17

to, or to pay legal fees to Venable, for pre-judgment interest,
reasonable attorneys' fees and costs of suit, and for such other
and further relief as the Court deems just and proper.

### COUNT II

### (AGAINST DEFENDANTS VENABLE AND DIFERDINANDO FOR AIDING AND ABETTING DEFENDANT Buck Miller'S ULTRA VIRES CONDUCT AND WASTE OF CORPORATE ASSETS - INJUNCTION AND DISGORGEMENT OF FEES)

56.  Plaintiffs incorporate herein the allegations of Paragraphs
     1 through 55 hereinabove, as if fully set forth herein.

57.  This Count is brought derivatively on behalf of Plaintiffs
     Triple M., CJM Realty and Leasing (hereinafter collectively
     referred to as "the Derivative Plaintiffs") and individually
     on behalf of Donald Miller.

58.  Making demand on Buck Miller to institute proceedings
     against himself, Venable and DiFerdinando for the acts
     complained of is futile, as described above, and therefore
     excused.

59.  As alleged above, by advising Defendant Buck Miller to
     retain Venable, by billing the Derivative Plaintiffs, and by
     accepting fees from the Derivative Plaintiffs for work
     intended to benefit the Buck Miller Families, Venable has
     aided and abetted Defendant Buck Miller in his unauthorized
     ultra vires conduct, and in wasting the assets of the
     Derivative Plaintiffs.

18

60.  By acting on Buck Miller's behalf to retain Venable, by
     causing the Derivative Plaintiffs to become obligated to pay
     fees to, and by causing the Derivative Plaintiffs to pay
     Venable for work intended to benefit the Buck Miller
     Families, Defendant DiFerdinando has aided and abetted
     Defendant Buck Miller in his unauthorized ultra vires
     conduct, and in wasting the assets of the Derivative
     Plaintiffs.

61.  Counsel for the Donald Miller Family has objected in writing
     to Defendant Venable pursuing this dual representation and
     has been curtly rebuffed, being told:

          In short, Venable, Baejter and Howard has no
          intention of withdrawing from the
          representation of the corporate entities.
          You may make an issue of this fact in any way
          that you see fit.

     Letter dated December 10, 2002 from James Gray to Lawrence
     Gebhart, Jr.

62.  As a part of its representation, Venable has counseled Buck
     Miller and DiFerdinando in methods to implement the strategy
     to force Donald Miller and his children from the Miller
     Family Businesses.  By way of example only, Venable advised
     Buck Miller and DiFerdinando to obtain a voting proxy (which
     Venable prepared) from Kenneth Kiler to obtain voting
     control over Kiler's shares, so Buck Miller could have
     control over both CJMI and MAP.

                                19

63. At all times, Venable and DiFerdinando are and have been aware that Venable's retention on behalf of the Derivative Plaintiffs confers no benefit on those Plaintiffs, but rather is to promote the litigation strategy of the Buck Miller Family and DiFerdinando. As such, Plaintiffs seek disgorgement of all fees paid by the Derivative Plaintiffs to Venable, as well as injunctive relief preventing Venable from continuing in its representation.

64. To the extent DiFerdinando has received legal services paid for by the Derivative Plaintiffs, any such payments are improper, as DiFerdinando is not an employee of the Derivative Plaintiffs, and if he is an employee, no proper corporate/partnership action was taken to indemnify him.

65. There is substantial likelihood that Plaintiffs will succeed on the merits of this action.

66. Denial of injunctive relief will cause greater injury to Plaintiffs than granting injunctive relief will cause to Defendant Buck Miller.

67. The grant of injunctive relief will serve the public interest in having legal fees paid by the person who benefits from the services.

WHEREFORE, Plaintiffs pray for judgment against Defendant DiFerdinando in such amounts as any of the Derivative Plaintiffs have paid to Venable; and against Venable for disgorgement of all

20

fees paid by the Derivative Plaintiffs.  In addition, Plaintiffs
pray for a Temporary Restraining Order and Preliminary and
Permanent Injunctive Relief, enjoining Buck Miller, DiFerdinando
or anyone acting in concert with them from causing the Derivative
Plaintiffs to retain, obligate themselves to, or to pay legal
fees to Venable; in addition, Plaintiffs pray for a Temporary
Restraining Order, Preliminary and Permanent Injunctive Relief,
enjoining Venable from representing the Derivative Plaintiffs.
Plaintiffs also pray for pre-judgment interest, reasonable
attorneys' fees and costs of suit, and for such other and further
relief as the Court deems just and proper.

**COUNT III**

**(AGAINST DEFENDANTS BUCK MILLER AND JACOBS RIDGE, LLC FOR ULTRA
VIRES CONDUCT - DAMAGES AND INJUNCTIVE RELIEF)**

68.   Plaintiffs incorporate herein the allegations of Paragraphs
      1 through 67 hereinabove, as if fully set forth herein.

69.   This Count is brought derivatively on behalf of Plaintiff
      Triple M., and individually on behalf of Donald Miller.

70.   Making demand on Buck Miller to institute proceedings
      against himself and his limited liability company, Jacobs
      Ridge, for the acts complained of herein is futile, as
      described above, and therefore excused.

71.   As alleged above, Buck Miller caused his limited liability
      company, Jacobs Ridge, to purchase land adjacent to the
      Fritz Property to be assembled with the Fritz Property for

21

sale to third parties.  Plaintiffs Triple M. and Donald Miller have been damaged to the extent that preferential prices have been paid for the Emmert parcels.

72.  If contracts of sale have been entered into with third parties for purchase of any portions of property owned by Triple M., those contracts are *ultra vires*, in that Donald Miller has not approved those contracts.

73.  There is substantial likelihood that Plaintiffs will succeed on the merits of this action.

74.  Denial of injunctive relief will cause greater injury to Plaintiffs than granting injunctive relief will cause to Defendant Buck Miller.

75.  The grant of injunctive relief will serve the public interest in that Buck Miller cannot cause Triple M. to convey property without the authority of his co-owner.

WHEREFORE, Plaintiffs pray for judgment against Defendants Buck Miller and Jacobs Ridge for damages in an amount in excess of $100,000.  In addition, Plaintiffs pray for a Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief, enjoining Buck Miller and Jacobs Ridge from entering into contracts with third parties to convey any property owned by Triple M.  Plaintiffs also pray for pre-judgment interest, reasonable attorneys' fees and costs of suit, and for such other and further relief as the Court deems just and proper.

22

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
& WAYSON, L.L.P.

Dale A. Cooter
Donna S. Mangold
5301 Wisconsin Ave., N.W.
Suite 500
Washington, DC 20015
(202) 537-0700

***Attorneys for Plaintiffs***

23